IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *
                            *
                            *

v.                            *      **Crim. No. PJM 10-389**
                            *
                            *

ANGELO KARON WILLIAMS,      *
                            *

     Defendant              *

## MEMORANDUM OPINION

Angelo Karon Williams, *pro se*, has filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 94),[1] which the Government opposes. For the reasons that follow, the Court will **DENY** the Motion.

## I.

Williams was originally charged in an Indictment with one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. He was eventually charged in a two-count Superseding Information with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in a School Zone, in violation of 18 U.S.C. § 922(q)(2)(A). ECF No. 68. Thereafter, Williams waived his right to indictment and entered into a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to both counts in the Superseding Information. Plea Agreement ¶ 1, ECF No. 75. In the Plea Agreement, Williams and the Government "stipulate[d] and agree[d] . . . that an aggregate sentence of 120 months for Counts One and Two is the appropriate disposition of this case, in the form of 60 months as to Count One and 60

---

[1] Though docketed solely as a "Motion to Reduce Sentence," *see* ECF No. 94, Williams also requests appointment of counsel. The Court denies this request.

consecutive as to Count Two." *Id.* ¶ 9. The Plea Agreement also stipulated Williams' status as a career offender pursuant to U.S.S.G. § 4B1.1(b), as well as his Criminal History Category (VI) and Offense Level (29). *Id.* ¶¶ 6-7. The Plea Agreement did not include the advisory guideline range for Williams. *Id.*

On February 13, 2013, Williams appeared before the Court for an arraignment, guilty plea, and sentencing. ECF Nos. 72, 73, 74. At the hearing, the Court accepted Williams' Rule 11(c)(1)(C) Plea Agreement. Arraignment and Sentencing Hr'g Tr. ("Sentencing Hr'g Tr.") 23, ECF No. 89. After accepting the plea, the Court noted the appropriate Offense Level (29), Criminal History Category (VI), and Guidelines range (151 to 188 months imprisonment) for Williams. *Id.* 23-24. The Court then sentenced Williams "under the circumstances" (i.e., as it was bound to do after accepting the Rule 11(c)(1)(C) Plea Agreement) to 60 months imprisonment as to Count One and 60 months imprisonment as to Count Two, to run consecutively. *Id.* 29; Judgment and Commitment Order 3, ECF No. 79. The Court also imposed a three year term of supervised release and a $200 special assessment. Judgment and Commitment Order 3, 7. In its Statement of Reasons, the Court noted that the record established no need for a presentence investigation report, and it further clarified that Williams was sentenced to a term outside (below) the advisory guideline range as a result of the binding Plea Agreement. *See* Statement of Reasons 2-3, ECF No. 80.

On June 1, 2015, Williams filed a *pro se* Motion for Modification of Sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 782 of the Sentencing Guidelines. The Government opposes the Motion, asserting that Williams is not eligible for a sentence reduction because his Rule 11(c)(1)(C) plea was not based upon a specified drug quantity Guidelines range.

## II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his or her sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines, which became effective November 1, 2014, reduced the base offense levels in the Advisory Guidelines under § 2D1.1 for cocaine base offenses by 2 levels. The Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. §§ 1B1.10(d), (e)(1).

Yet, a criminal defendant convicted of a cocaine-related offense is not always eligible for retroactive reduction of his sentence under 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 782. In *Freeman v. United States*, --- U.S. ---, 131 S. Ct. 2685 (2011), the Supreme Court addressed whether a defendant convicted of cocaine-related offense and sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement[2] is eligible for § 3582(c) relief.

---

[2] Federal Rule of Criminal Procedure 11(c)(1)(C) provides:
> c) Plea Agreement Procedure.
>> (1) In General. An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>> [...]
>>> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request *binds the court once the court accepts the plea agreement*).

(emphasis added). A court is bound to impose the sentence agreed to by the *parties* if it accepts an agreement made under this Rule.

According to Justice Sotomayor's concurring opinion in *Freeman* – the Supreme Court's holding in the fragmented, plurality decision, *see United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) – when a defendant pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement, his or her eligibility for § 3582(c) relief is contingent upon the role of the defendant's advisory Guidelines range in the agreement. *Freeman*, 131 S. Ct. 2697-99 (Sotomayor, J., concurring). As Justice Sotomayor reasoned, a sentenced imposed pursuant to a Rule 11(c)(1)(C) plea is based on the agreement itself, not the sentencing judge's independent calculation of the Sentencing Guidelines range. *Id.* at 2695. For that reason, the stipulated sentence in a Rule 11(c)(1)(C) agreement would not ordinarily be eligible for reduction pursuant to 18 U.S.C. § 3582(c). *See id.* at 2695-97; *see also Brown*, 653 F.3d at 339 ("Justice Sotomayor agreed with the dissent that a sentenced imposed pursuant to a Rule 11(c)(1)(C) plea is based on the agreement and, therefore, § 3582(c) relief is usually not available.").

However, a defendant sentenced under a Rule 11(c)(1)(C) agreement is not categorically barred from § 3582(c) relief. Rather, as Justice Sotomayor explained, that defendant can demonstrate that his or her sentence was "based on" a Guidelines range – and thus that he or she is eligible for § 3582(c) relief – if either of the following exceptions applies: (1) the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense" of conviction, provided that "the sentencing range is evident from the agreement itself." *Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring); *see also United States v. Frazier*, 531 Fed. App'x 308, 309-10 (4th Cir. 2013) (delineating the two exceptions to Sotomayor's general rule that an 11(c)(1)(C) plea is not eligible for § 3582(c)(2) reduction).

Any inquiry into whether one of these two exceptions applies must look to the language of the plea agreement itself. Accordingly, the analysis should not be based on the sentencing judge's decision about whether to adopt the agreement in reference to the Guidelines range. *See Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring) (noting that the "term of imprisonment imposed by the sentencing judge [in a Rule 11(c)(1)(C) plea] is dictated by the terms of the agreement entered into by the parties, not the judge's Guideline calculation"); *see also Brown*, 653 F.3d at 340 ("The fact that the district court consulting the Guidelines in establishing [the defendant's] sentence is irrelevant."). Nor should it be based on the "background negotiations" that may or may not have used a defendant's advisory Guidelines as a point of reference. *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring) ("[T]he mere fact that the parties to a [Rule 11(c)(1)(C)] agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.").

**III.**

Williams asserts that he is eligible for § 3582(c) relief because his 120-month sentence was "based on" the Guidelines range for a drug offense. Def.'s Mot. Reduce Sentence 1, ECF No. 94. The Government, however, argues that Williams is not eligible for any sentence reduction. According to the Government, Williams' Rule 11(c)(1)(C) Plea Agreement stipulated a specific term of confinement of 120 months which was not based on a specified drug quantity range. Gov't Resp. Opp'n 2-3.

The Court agrees with the Government.

Under *Freeman*, as explained above, a defendant who pleads guilty under a Rule 11(c)(1)(C) plea agreement, like Williams, is not ordinarily eligible for § 3582(c) relief unless

the stipulated sentence falls within one of two narrowly defined exceptions: (1) the plea agreement itself calls for the defendant to be sentenced within a particular Guidelines range, or (2) the plea agreement makes clear that the basis for the specified term is a Guidelines range. *See* 131 S. Ct. at 2697-98 (Sotomayor, J., concurring). Scrutinizing the language of Williams' Rule 11(c)(1)(C) Plea Agreement, the Court concludes that neither of the two exceptions applies here.

First, Williams' Plea Agreement clearly does not call for Williams to be sentenced within a particular Guidelines range. *See id.* Rather, the parties "stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that *an aggregate sentence of 120 months for Counts One and Two is the appropriate disposition*" of the case. Plea Agreement ¶ 9 (emphasis added).

Second, Williams' Plea Agreement does not "make *clear* that the basis for the specified term is a Guidelines sentence range applicable to the offense of conviction." *See* 131 S. Ct. at 2697 (Sotomayor, J., concurring) (emphasis added). In *Freeman*, Justice Sotomayor held that the defendant's plea agreement fell under this exception because the Agreement itself stated that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines," and then provided for a sentence term that was clearly based on the low-end of that range. *Id.* 2699-700. Here, although the Plea Agreement does include an "Advisory Guidelines" section, in which Williams' Offense Level and Criminal History Category (as well as his status as a career offender) are noted, the Agreement itself does *not* include the actual corresponding range. *See* Plea Agreement ¶¶ 6-7. As a result, it is far from evident that the parties were using that range as a basis for the stipulated sentence.

Moreover, even if the range itself were included in the Agreement, the actual sentence the parties agreed upon – 120 months – is clearly outside that range. *See* Plea Agreement ¶ 11. Given Williams' criminal history category of VI and offense level of 29, Williams' Guidelines range of

imprisonment would have been 151 to 188 months, as the Court determined at the re-arraignment, guilty plea, and sentencing hearing. Sentencing Hr'g Tr. 24. Comparing this range to the stipulated sentence in Williams' Rule 11(c)(1)(C) Plea Agreement, it is certainly not "clear that the basis" for the 120-month term is the 151 to 188-month Guidelines range "applicable to [Williams'] offenses of conviction."[3] *Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring); *see also Frazier*, 531 Fed. App'x at 310 (holding that an 11(c)(1)(C) plea agreement was not eligible for reduction when the agreement did "not make clear that the specified term is a Guideline sentencing range applicable to the sentence of conviction").

As neither *Freeman* exception applies, the Court concludes an advisory Guidelines range for a cocaine offense did not form the basis for the stipulated sentence in Williams' Rule 11(c)(1)(C) Plea Agreement. For this reason, Williams is not eligible for 18 U.S.C. § 3582(c) relief and his Motion for Modification of Sentence (ECF No. 94) is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February _8, 2016

---

[3] In a footnote in *Freeman*, Justice Sotomayor addresses a hypothetical situation in which a Rule 11(c)(1)(C) plea agreement calls for a defendant to be sentenced below the advisory Guidelines range for that defendant. *Id.* at 2700 n.9. This type of plea agreement might still be eligible for reduction under § 3582(c) if the agreement itself made clear that the final imprisonment figure was arrived at by subtracting a set percentage of months – e.g., 50 percent – off the low end of the applicable sentencing range. *Id.* Williams' Plea Agreement is not akin to this hypothetical scenario, however: it is certainly not clear that the sentence the parties negotiated, 120 months, was arrived at by taking a certain percentage off the low end of Williams' Guideline range, 151 months.